IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02823–CMA–KMT

DALE P. ARMELIN,

    Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General, and
UNITED STATES POSTAL SERVICE,

    Defendants.

___

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

___

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 15 [Mot.], filed January 17, 2012). Plaintiff filed his response on March 12, 2012 (Doc. No. 26 [Resp.]), and Defendant filed his reply on March 19, 2012 (Doc. No. 28 [Reply]). This matter is ripe for recommendation and ruling.

**I. FACTUAL BACKGROUND**

Plaintiff's Title VII Complaint filed October 28, 2011, alleges while he was employed by the Centennial Post Office in Centennial, Colorado, he was subjected to race and color discrimination and retaliation. (Doc. No. 1 [Compl.] at 2.) Plaintiff seeks injunctive relief and money damages. (*Id.* at 6.)

Defendant moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because it is untimely. In the alternative, Defendant moves to dismiss pursuant to Fed. R. Civ. P.

12(b)(1) because Plaintiff has failed to exhaust a claim for race or color discrimination. Defendant also moves, in the alternative, to require Plaintiff to file an amended complaint pursuant to Fed. R. Civ. P. 12(e).  (Mot.)

## III.  LEGAL STANDARDS

### A.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### B. *Failure to State a Claim Upon Which Relief Can Be Granted*

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the

allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### IV.  ANALYSIS

#### A.     *Timeliness of Plaintiff's Complaint*

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") provides the exclusive remedy for claims of discrimination in the federal workplace. It is well established that a federal employee must first proceed before the agency that has been accused of discrimination before the employee may bring a civil action in federal court. 42 U.S.C. § 2000e–16(c). Defendant argues that plaintiff failed to timely pursue the Title VII claims he attempts to bring in this lawsuit. Under 29 C.F.R. § 1614.407, a plaintiff has ninety days after

receipt of a Final Agency Decision on an Equal Employment Opportunity ("EEO") complaint to file a case in federal court based on the claims addressed by the Final Agency Decision.

Plaintiff initiated pre-complaint counseling for EEO Case No. 4E-800-0159-08 on September 25, 2008. (Compl. at 7.) The USPS EEOC issued its Notice of Final Action in Case No. 4E-800-0159-08 on June 29, 2011, notifying Plaintiff that the EEOC had found that he had not shown that he was the victim of illegal discrimination. (*Id.* at 11-12.) That notice stated:

> "[I]f you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered."

(*Id.* at 12.) The notice also contains a "Delivery Confirmation Complainant" number. (*See id.* at 11 [delivery confirmation number 00310 0480 0003 6868 5273].) The USPS's public online "track and confirm" system confirms that the Notice of Final Action was received by Plaintiff on July 2, 2011. (*See* USPS Track and Confirm, available at https://tools.usps.com/go/TrackConfirmAction_input; Ex. A (printout of delivery confirmation for label number 0310 0480 0003 6868 5273)).[1] This case was filed on October 28, 2011. Thus, it is clear Plaintiff waited more than ninety days before filing his district court complaint. Moreover, Plaintiff concedes in his response that he received the Notice of Final Agency Action

---

[1] "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citation omitted). Also, when considering a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir.2001).

on June 29, 2011, and that he filed his complaint late due to a mistake in his calendaring the date his suit should have been filed. (*See* Resp. at 1.) Thus, Plaintiff's Complaint is untimely.

The Tenth Circuit has expressly held that compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling. *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392–93 (1982)). Equitable tolling is applicable to suits against private defendants as well as suits against the United States. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990). Generally, equitable tolling is warranted only if the circumstances of the case "rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838–39 (10th Cir. 1979). Equitable tolling may be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights. *Carlile v. South Routt School Dist. RE 3–J*, 652 F.2d 981, 985 (10th Cir.1981) (citation omitted). Here, Plaintiff concedes his late filing was due only to his own mistake. Thus, equitable tolling is not justified in this case, and Plaintiff's Title VII claim must be dismissed.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 15) be GRANTED and that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge