**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02823-CMA-KMT

DALE P. ARMELIN,

      Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General, and
UNITED STATES POSTAL SERVICES,

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER
---

      This matter is before the Court on Plaintiff's "Motion for Reconsideration of Order Adopting and Affirming Recommendation of United States Magistrate Judge Pursuant to Fed. R. Civ. P. 12(b)(6)," filed on September 07, 2012.  (Doc. # 33.)

      On August 28, 2012, the Court affirmed the August 8, 2012 Recommendation of United States Magistrate Judge Kathleen M. Tafoya and ordered that this case be dismissed as untimely.  (Doc. # 31.)  To briefly recap, Plaintiff received a Notice of Final Agency Action on a complaint he had filed with the Equal Employment Opportunity Commission ("EEOC").  The Notice advised him that he had 90 days to file a case in federal court based on the claims addressed by the Final Agency Action.  Plaintiff

concedes that he missed the deadline, alleging that his late filing was due to his own calendaring mistake.[1]

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In his Motion to Reconsider, Plaintiff urges the Court to apply the doctrine of equitable tolling so that Plaintiff may proceed on his claims.  However, "equitable exceptions to procedural requirements should be 'applied sparingly.'" *McIntire v. Tulsa Ctny. Sheriff*, 121 F. App'x 295 (10th Cir. 2006) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).  The Tenth Circuit has held that equitable tolling may be appropriate "where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights."  *Id.* (quotation and citation omitted).  Neither of these circumstances are present here.  Rather, Plaintiff admits that the missed deadline was due solely to his own "human error."  (Doc. # 33 at 7.)  Thus, this is not a case where the doctrine of equitable tolling applies and there is no reason for the Court to reconsider its order dismissing this case.

---

[1]  Plaintiff alleges that he "inadvertently flipped two (2) pages of his calendar up to mark his cut-off date, and having done so, missed his first and only deadline."  (Doc. # 33 at 3.)

Accordingly, IT IS ORDERED THAT the Motion to Reconsider (Doc. # 33), filed on September 7, 2012, is DENIED.

DATED:  October __11__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge